UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM TERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-295 |
| ) | (Jordan/Guyton) |
| SBC INTERNET SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case came before the Court on February 9, 2006 for a hearing on two motions: Plaintiff's Motion To Require Third-Party American Express Company To Show Cause And To Compel Its Responses To Plaintiff's Subpoena Duces Tecum Pursuant To Rule 45 [Doc. 13] and Plaintiff's Motion To Compel SBC's Responses To Interrogatories and Requests For Production Of Documents [Doc. 22]. These motions were referred to this Court by the District Judge for consideration and determination [Doc. 15 and 24].

Present at the hearing was plaintiff William Terrell, attorney, representing himself, attorney Robert Green, representing SBC Internet Services, Inc., and attorney Andrew Pulliam, representing American Express.

As to the plaintiff's Motion regarding American Express [Doc. 13], the plaintiff announced that all issues raised therein had been resolved by the parties and that the Motion [Doc. 13] could be **DENIED AS MOOT**.

As to the plaintiff's Motion regarding SBC Internet Services, Inc. ("SBC") [Doc. 22], the plaintiff (1) objects to the "General Objections" raised by SBC at the beginning of its responses, (2) objects to SBC's assertion that the plaintiff exceeded the number of interrogatories allowed, and (3) objects to the sufficiency of SBC's responses to certain numbered interrogatories and document requests.

SBC responds that it has produced all requested documents and that it has no paper record of a communication between SBC and American Express regarding plaintiff's termination of his dial-up account, that the plaintiff exceeded the allowed number of interrogatories, that it objects to production of the records of other customers, and that otherwise SBC has produced all discovery requested which is in the possession of SBC.

After careful review of the record, and consideration of the parties' arguments, the Court finds that the plaintiff's Motion regarding SBC [Doc. 22] shall be **GRANTED IN PART and DENIED IN PART**, as follows:

> 1. As to SBC's responses to plaintiff's First Set of Inerrogatories, SBC's blanket objection by reference to its "General Objections", to Interrogatory Nos. 1, 3, and 5 are stricken, although SBC, on or before March 31, 2006, may supplement its answers to those interrogatories to make specific, not general, objections and also provide a log as to any claim of privileged matters, (to the extent not previously provided through correspondence). The same ruling applies to SBC's response to plaintiff's First Request For Production no. 6 and no. 7, except that the Court does find that records of customers other than the plaintiff are outside of the scope of discovery under Rule 26 and thus need not be produced.
>
> 2. SBC's objection to the form of plaintiff's First Request For Production, No. 8, is sustained.
>
> 3. As to plaintiff's Second Set of Interrogatories, the Court finds that SBC's answers to Nos. 1 and 2 are adequate. The Court will allow the plaintiff to propound

2

Nos. 3-7 and direct the defendant SBC to answer same on or before March 31, 2006. The Court finds that SBC's responses to document requests nos. 1-4 are adequate.

4. As to plaintiff's Third Set of Interrogatories, the Court will allow the plaintiff to propound these interrogatories and direct SBC to answer same on or before March 31, 2006.

Accordingly, plaintiff's Motion [Doc. 13] is **DENIED AS MOOT**, and plaintiff's Motion [Doc. 22] is **GRANTED IN PART AND DENIED IN PART**, as above stated.

**IT IS SO ORDERED.**

**ENTER:**

       s/ H. Bruce Guyton       
United States Magistrate Judge